UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM D. HAMBY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:16-CV-568-TWP-CCS |
| | ) |
| SHAWN PHILLIPS, *Warden (MCCX)*, | ) |
| *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

William D. Hamby, Jr., ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's Complaint names as defendants Tony Parker, Commissioner of the Tennessee Department of Corrections ("TDOC"); Bruce Westbrooks, Warden of Riverbend Maximum Security Institution ("RMSI"), and the following employees at Morgan County Correctional Complex ("MCCX"): Warden Shawn Phillips, Associate Deputy Warden Gary Hamby, Counselor Sam Crass, "Counselor Buchanan," and Classification Coordinator "Mr. Maloney." [*Id*.]. After filing his Complaint, Plaintiff filed numerous motions seeking to include additional defendants, claims and evidence. [*See* Docs. 5, 7, 9, 13].

In an Order dated October 3, 2016, the Court attempted to screen Plaintiff's complaint as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). [Doc. 14 at 3-4]. However, the Court noted that

> The nature of Plaintiff's filings, and the number of filings in which Plaintiff seeks to add Defendants, substantive claims, and/or factual allegations to the Complaint, have made the task of screening Plaintiff's filings to determine whether he has stated a plausible § 1983 claim as to each Defendant in this case an inefficient use of judicial resources. Almost all of Plaintiff's filings are handwritten narratives which lack paragraphs and labelled claims. The filings contain a number of conclusory and general allegations and are frequently redundant.… [I]n its present form, his Complaint

does not appear to state any claims for relief in order to survive 28 U.S.C. § 1915 screening[.]

[Doc. 14 at 4-5]. Nonetheless, the Court concluded that Plaintiff may be able to cure the deficiencies in his Complaint if given leave to amend. [*Id*. at 4-5]. Accordingly, the Court ordered Plaintiff "to file a single amended complaint – [to] replace and supersede all prior complaints, motions, and/or letters relating to the complaint – **within 21 days** of the entry of this order." [*Id*. at 5-6, 9]. Citing Federal Rule of Civil Procedure 41(b), the Court advised Plaintiff "that failure to timely comply with this order will result in the dismissal of this action for want of prosecution and failure to comply with orders of the Court." [*Id*. at 6, 9].

More than 40 days have now passed, and Plaintiff has not filed an amended complaint with the Court or otherwise responded to the Court's Order. Thus, even taking into account the additional three days for service provided by Federal Rule of Civil Procedure 6(d), the period of time in which Plaintiff could timely file his amended complaint has long since expired.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

2

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court can discern no reason for Plaintiff's failure other than willfulness or fault, as there is no indication that he did not receive the Court's Order and as he has demonstrated an ability to file numerous motions with the Court in the past; accordingly, this factor weighs in favor of dismissal. The second factor, however, weighs against dismissal: since Plaintiff's Complaint has yet to be screened, the Defendants have not yet been served or made to appear and are thereby not prejudiced by the delay. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of failing to file an amended complaint. Finally, the Court finds that alternative sanctions would not be effective. Plaintiff is proceeding *in forma pauperis* and therefore has no ability to pay a monetary fine. The Court does not believe that dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and order, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus finds that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

Nonetheless, the Court notes that, if it were to screen this action at this stage, Plaintiff's Complaint would be subject to *sua sponte* dismissal under the PLRA. As the Court previously noted, Plaintiff's Complaint (and subsequent filings) consist almost entirely of redundant and conclusory statements and general allegations of regarding his risk of harm. Without the benefit of an amended complaint to clarify the Plaintiff's positions, the Court is left largely to speculate as to Plaintiff's claims contained in Plaintiff's Complaint. First, Plaintiff has argued that his constitutional rights are

3

being violated because he has not been transferred from his current prison housing assignment and/or has not been classified for assignment to a special needs housing assignment; however, such an argument fails to state a claim for relief as prisoners generally have "no constitutional right to be held in a specific security classification" or to "placement in a particular prison." *See, e.g.*, *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145 (6th Cir. 2002); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Additionally, Plaintiff's claims of verbal threats and harassment by Waters fail to state a claim for relief, as verbal abuse and harassment do not rise to the level of cruel and unusual punishment under the Eight Amendment. *See, e.g.*, *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Finally, Plaintiff makes numerous, conclusory allegations regarding the existence of a conspiracy against him, his fear that he may be harmed by other inmates, and perceived "racial bias" at the facility. Such conclusory statements are, however, insufficient to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). Thus, even if the Court did not find that Plaintiff's action was subject to dismissal pursuant to Rule 41(b), it would nonetheless be subject to dismissal under the PLRA for failure to state a claim upon which relief could be granted.

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

                                            s/ Thomas W. Phillips
                                            SENIOR UNITED STATES DISTRICT JUDGE